IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN CAROLE HOLSOME,

      Petitioner,               No. CIV S-04-0924 LKK GGH P

      vs.

DAVE RUNNELS, Warden, et al.,

      Respondents.         FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner is proceeding with appointed counsel on an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's August 23, 2005 motion to dismiss, as unexhausted and/or time-barred, a portion of Claim 1 of the first amended petition, filed on April 7, 2005;[1] petitioner's opposition was filed on December 30, 2005.[2]

\\\\\

---

[1] The original petition was filed by petitioner pro se on May 10, 2004.

[2] The court had to issue show cause orders, subsequently discharged, to both respondent and petitioner, respectively, for having failed to respond timely to a filing by the other.  See Orders, filed on June 2, 2005, and on November 21, 2005.

1         In the April 7, 2005 first amended petition, counsel sets forth that petitioner was

2 convicted by a jury on one count of spousal rape (Cal. Penal Code § 262(a)(1)), and one count of

3 false imprisonment (Cal. Penal Code § 236) on April 24, 2001.  Amended Petition (AP), p. 2.

4 The San Joaquin County Superior Court found, on April 26, 2001, seven prior conviction

5 allegations true, three of them pursuant to California's Three Strikes Law (Cal. Penal Code §§

6 667(b)-(I), and 1170.12), three made pursuant to Cal. Penal Code § 667(a), and one made

7 pursuant to Cal. Penal Code § 667.5(b).  Id.  On April 12, 2001, early in the trial, petitioner

8 admitted to a prior rape conviction within the meaning of Cal. Penal Code §§ 667.61 (forcible

9 sex crime) and 667.71 (habitual sex offender).  AP, p. 2, Motion to Dismiss (MTD), pp. 1-2.

10         On May 30, 2001, petitioner was sentenced to a term of 41 years to life for the

11 rape conviction and enhancements; he was also sentenced to a concurrent 25-year term for the

12 false imprisonment conviction and enhancements.  AP, pp. 2-3; MTD, p. 2.  On his appeal to the

13 Third District Court of Appeal, the state appellate court modified the rape conviction sentence

14 upward to 75 years to life, plus sixteen years, affirming the judgment, as modified, on November

15 26, 2002.  AP, p. 3; MTD, p. 2; Respondent's Lodged Item (Resp. Item) No. 3, the state court of

16 appeals opinion.

17         Thereafter, petitioner filed a January 2003 petition for review to the state supreme

18 court which was summarily denied on February 11, 2003.  AP, p. 3; MTD, p. 2; Resp. Item Nos.

19 3 & 4.  On May 10, 2004, petitioner filed his original pro se petition in this court.[3]

20         The amended petition sets forth the following grounds for petitioner's challenge

21 to his conviction/sentence: 1) the trial court violated petitioner's constitutional rights by

22 admitting propensity evidence under Cal. Evid. Code § 1109, and by instructing the jury

23

24       [3] Thereafter, on June 7, 2004, petitioner filed a habeas petition in the state supreme court.
AP, p. 4; MTD, p. 3.  On May 11, 2005, the state supreme court rejected petitioner's petition
25 without comment, citing In re Swain, 34 Cal.2d 300, 304 (1949); People v. Duvall, 9 Cal.4th
464, 474 (1995); In re Lindley, 29 Cal.2d 709 (1947); In re Dixon, 41 Cal.2d 756 (1953); and In
26 re Waltreus, 62 Cal.2d 218 (1965).  MTD, p.3; Resp. Item No. 7.

1  concerning that evidence with pattern instructions that have been held unconstitutional by the

2  Ninth Circuit; and 2) trial court violated petitioner's due process rights by informing the jury at

3  the outset of the trial of the prosecution's allegations that petitioner had suffered a prior

4  conviction for forcible rape and that he is a habitual sex offender.  AP, pp. 6-12.  Petitioner

5  asserts that both of these claims were fully exhausted by having been presented to the state

6  appellate courts during direct review.  AP, pp. 4-5.

7  Motion to Dismiss

8  As noted, respondent moves to dismiss, on grounds of nonexhaustion and

9  untimeliness, only a portion of Claim 1, specifically, that part of the claim pertaining to CALJIC

10  2.50.02.  MTD, p. 1.  The January 8, 2003 petition for review[4] to the state supreme court

11  contained the following claims: 1) whether petitioner was denied his right to due process under

12  the Fourteenth Amendment when the trial court, after granting his motion to bifurcate prior

13  convictions from the trial of the current offenses, in reading the information to the jury, read the

14  allegations pursuant to Cal. Penal Code §§ 667.61 and 667.71[5]; 2) whether petitioner was denied

15  his due process and equal protection rights under the Fourteenth Amendment by the admission

16  into evidence of prior acts of domestic violence, under Cal. Evid. Code § 1109, to prove

17  petitioner's propensity to commit the charged offenses; and 3) whether petitioner was properly

18  sentenced.  MTD, pp. 2-3, Resp. Item No. 4, Petition for Review.  Petitioner's original federal

19  petition mirrored the three claims that were exhausted in the state supreme court on direct

20  review.

21  \\\\\

22

23  [4] Respondent notes the filing date of the petition as January 6, 2003, but the document
itself as presented herein is stamped as docketed on January 8, 2003.  See Resp. Item No. 4.

24

25  [5] This claim also raised the issue of whether petitioner was denied his Sixth Amendment
right to effective assistance of counsel by the failure of trial counsel to object to the alleged trial
court error.  However, petitioner does not seek to revive this portion of the claim within the

26  instant amended petition.

1    Respondent concedes that the portion of Claim 1 that goes to the question of

2  whether petitioner's constitutional rights were violated by the trial court's admission of the

3  propensity evidence, under Cal. Evid. Code § 1109, as well as the entirety of Claim 2 of the

4  amended petition have been exhausted.  MTD, p. 5.  Respondent contends, however, that the

5  claim that the reading of CALJIC 2.50.02 to the jury, relating to the propensity evidence, violated

6  petitioner's constitutional rights was not specifically presented to the state supreme court and is,

7  therefore, unexhausted.  Id.

8      *Exhaustion*

9    The exhaustion of state court remedies is a prerequisite to the granting of a

10  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

11  be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

12  thus, may not be implied or inferred.  The United States Supreme Court has held that a federal

13  district court may not entertain a petition for habeas corpus unless the petitioner has exhausted

14  state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509, 102 S. Ct.

15  1198 (1982).  A petitioner satisfies the exhaustion requirement by providing the highest state

16  court with a full and fair opportunity to consider all claims before presenting them to the federal

17  court.  Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768

18  F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

19    Respondent argues that the constitutionality of Cal. Evid. Code § 1109,[6]

20  implicates a separate question from the claim of the constitutionality of a jury instruction "which

21  dictates how evidence admitted under section 1109 may be applied."  MTD, p. 5.  In support of

22  this argument, respondent notes that in a parallel statute, Cal. Evid. Code § 1108,[7] the Ninth

23

24    [6] Cal. Evid. Code § 1109 is entitled: "Evidence of defendant's other acts of domestic
    violence" and is set forth, in relevant part in the *discussion* section below.

25

26    [7] This code section permits admission into evidence of prior sex offenses committed by a
    defendant accused of a sex offense, as long as § 352 does not render such evidence inadmissible.

1  Circuit upheld the constitutionality of Cal. Evid. Code §1108, while finding unconstitutional the

2  jury instruction which sought to apply the evidence admitted pursuant to that statute, CALJIC

3  2.50.01, citing Gibson v. Ortiz, 387 F.3d 812 (9th Cir. 2004).[8]  Respondent also cites People v.

4  Falsetta, 21 Cal.4th 903, 911, 89 Cal. Rptr.2d 847 (1999), wherein the state supreme court

5  rejected a constitutional challenge to Cal. Evid. Code § 1108,[9] and United States v. LeMay, 260

6  F.3d 1018, 1031 (9th Cir. 2001), wherein the Ninth Circuit held that analogous federal

7  evidentiary rules allowing prior sexual offense evidence to show a propensity to commit the

8  charged offense do not violate due process.  MTD, p. 5.

9         In opposition, petitioner argues that petitioner's brief to the Third District

10  Court of Appeal, under the claim that § 1109 of the state's Evidence Code violated petitioner's

11  due process and equal protection rights speaks directly to CALJIC 2.50.02.  Opp., p. 6; Exh. A,

12  Appellant's Opening Brief, pp. 21-22.  In the direct appeal, the brief stated that "CALJIC No.

13  2.50.02, as read to the jury in this case...specifically told the jury that if it found that the

14  defendant committed a prior offense involving domestic violence, it could infer that "'the

15  defendant had a disposition to commit the same or similar type offenses ...'"  Id.   Petitioner also

16  argues that the appellate briefing in this section contains throughout the argument that the

17  admitted propensity evidence, and the jury instructions regarding this evidence, "lower[ed] the

18  prosecution's burden and violate[d] the fundamental constitutional right of due process[.]"

19  Opp., p. 6, Exh. A, at pp. 21-24.[10]  Petitioner also cited In re Winship, 397 U.S. 358 , 90 S. Ct.

20  \\\\\

21

22    [8] The undersigned notes that in Gibson, supra, at 817 n. 4, the Ninth Circuit panel
    observed that, except for the fact that CALJIC No. 2.50.02 addressed prior acts of domestic
23    violence as opposed to prior sex offenses, the jury instructions were "identical."

24    [9] The court noted the codification in 1996 of a "similar provision," referencing
    specifically § 1109, allowing admission of prior domestic violence acts in domestic violence
25    cases.  Falsetta, supra.

26    [10] Page 23 of the brief is missing in Exh. A.

1    1068 (1970) in support of the position that the proof beyond a reasonable doubt standard was

2    impermissibly diluted at his trial.  Id., Exh. A, at p. 19.

3            In the petition for review to the state supreme court, with respect to the claims that

4    Cal. Evid. Code § 1109 violated petitioner's due process and equal protection rights under the

5    Fourteenth Amendment, petitioner points out the explicit reference therein to In re Winship,

6    supra, with respect to the admission of uncharged offenses allowed by that statute diluting the

7    standard of proof for conviction on the charged offense.  Opp., p. 6, Resp. Item No. 4, petition

8    for review, p. 20.  Petitioner contends that as Gibson v. Ortiz, 387 F.3d 812, relies on Winship to

9    find the propensity evidence jury instruction unconstitutional, the claim at issue here is

10   exhausted.  Opp., p. 6.

11        *Discussion*

12            Cal. Evid. Code § 1109 states, in relevant part:

13            "Except as provided in subdivision (e) or (f), in a criminal action in
             which the defendant is accused of an offense involving domestic
14           violence, evidence of the defendant's commission of other
             domestic violence is not made inadmissible by Section 1101[11] if
15           the evidence is not inadmissible pursuant to Section 352.[12]"

16   Cal. Evid. Code 1109(a)(1).

17   \\\\\

18   \\\\\

19

20        [11] Under § 1101(a), except as provided in, inter alia, § 1109, "evidence of a person's
     character or a trait of his or her character (whether in the form of an opinion, evidence of
21   reputation, or evidence of specific instances of his or conduct) is inadmissible when offered to
     prove his or her conduct on a specified occasion."  Cal. Code of Evid. § 1109(a)(1) in pertinent
22   part.  Section 1109(b) sets forth that "admission of evidence that a person committed a crime..."
     is not prohibited "when relevant to prove some fact," including but not limited to "motive,
23   opportunity, intent, preparation, plan, knowledge, identity...." so long as the evidence is not
     admitted for the purpose of demonstrating the accused's "disposition to commit such an act."
24
          [12] Under Cal. Evid. Code § 352, "[t]he court in its discretion may exclude evidence if its
25   probative value is substantially outweighed by the probability that its admission will (a)
     necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of
26   confusing the issues, or of misleading the jury."

1    The Reporter's Transcript sets forth the version of CALJIC 2.50.02,[13] in relevant

2  part, that was read to petitioner's jury:

3          If you find that the defendant committed a prior offense involving
           domestic violence, you may but are not required to infer that the
4          defendant has a disposition to commit the same or similar offense.
           If you find...that the defendant had this disposition, you may but
5          are not required to infer that he was likely to commit and did
           commit the crime of which he is accused.

6
           However, if you find by a preponderance of the evidence that the
7          defendant committed a prior crime or crimes involving domestic
           violence that is not sufficient by itself to prove beyond a reasonable
8          doubt that he committed the charged offense.  The weight and
           significance, if any, are for you to decide.  Unless you are
9          otherwise instructed, you must not consider this evidence for any
           other purpose.

10
           Within the meaning of the proceeding instruction the prosecution
11         has the burden of proving by a preponderance of the evidence that
           the defendant committed a crime other than that for which he is on
12         trial.  You may not consider the evidence for any other purpose
           unless you find by a preponderance of the evidence that a
13         defendant committed the other crimes.

14  Resp. Item No. 1, Reporter's Transcript on Appeal, vol.2, pp. 323-324.  The trial judge then goes

15  on to read the burden of proof applicable to find "preponderance of the evidence."  Id., at 325.

16         The court notes that the contention to the state supreme court that petitioner's due

17  process rights were violated was made in the context of an argument focused on the issue of the

18  admission of prior acts evidence to show a propensity to commit the charged offense, not the

19

20      [13] Relevant portions of CALJIC 2.50.02, as revised in October 2005: "Evidence has been
     introduced for the purpose of showing that the defendant engaged in an offense involving
     domestic violence [on one or more occasions] other than that charged in the case....
21        If you find that the defendant committed a prior offense involving domestic violence,
     you may, but are not required to, infer that the defendant had a disposition to commit [another]
22   [other] offense[s] involving domestic violence.  If you find that the defendant had this
     disposition, you may, but are not required to, infer that [he] [she] was likely to commit and did
23   commit the crime [or crimes] of which [he] [she] is accused.
          However, if you find by a preponderance of the evidence that the defendant committed
24   a prior crime or crimes involving domestic violence, that is not sufficient by itself to prove
     beyond a reasonable doubt that [he] [she] committed the charged offense[s]. If you determine an
25   inference properly can be drawn from this evidence, this inference is simply one item for you to
     consider, along with all other evidence, in determining whether the defendant has been proved
26   guilty beyond a reasonable doubt of the charged crime...."

1   issue implicated by the jury instruction, that is, the requirement of finding conviction of prior

2   related offenses by a preponderance of the evidence from which the impermissible inference may

3   be drawn that the standard of proof for the charged offense may be diminished to this lesser

4   standard.  Moreover, the petitioner's petition for review to the state supreme court, unlike the

5   state intermediate appellate court brief, makes no reference at all to the jury instruction at issue.

6          Petitioner is correct that the court in Gibson, supra, relied on Winship, in finding a

7   jury instruction unconstitutional for having impermissibly reduced the prosecution's burden of

8   proof.  However, this contention obfuscates the distinction in the claim that was explicitly set

9   before the state supreme court and the portion of the claim at issue herein before this court.

10          In the amended petition, petitioner correctly identifies the Gibson court's

11   reference to the interplay between the instructional language that the jury could infer that the

12   defendant had committed the charged offense if it found that a prior offense or uncharged offense

13   had been committed, in combination with the preponderance of the evidence standard applicable

14   for finding that a prior offense had been committed, could result in the impermissible jury

15   inference that the defendant committed the charged offense by a preponderance of the evidence

16   rather than the requisite proof beyond a reasonable doubt standard.  AP, pp. 7-8.

17          In Duncan v. Henry, 513 U.S. 364, 366, 115 S. Ct. 887, 888 (1995), the Supreme

18   Court found that petitioner had failed to apprise the state court that his claim with regard to an

19   evidentiary ruling violated not only state law but denied due process of law under the Fourteenth

20   Amendment, finding the failure "especially pronounced in that respondent did specifically raise a

21   due process objection before the state court based on a different claim..."   The Court cited Picard

22   v. Connor, supra, 404 U.S. at 276, 92 S. Ct. at 512-513, and Anderson v.Harless, 459 U.S.4, 6,

23   103 S. Ct. 276, 277(1983), for the principle that "mere similarity of claims is insufficient to

24   exhaust."  Id.   It is not enough to plead with specificity the federal nature of a claim, a petitioner

25   is also required "to articulate the substance of an alleged violation with some particularity."

26   Rose v. Palmateer, 395 F.3d 1108, 1111 (9th Cir. 2005).

1        Petitioner must describe in state court "both the operative facts and the federal

2  legal theory on which his claim is based," Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), to

3  allow the state courts a "'fair opportunity' to apply controlling legal principles to the facts

4  bearing upon his constitutional claim." Id, quoting Anderson v. Harless, supra, at 6, 103 S. Ct.

5  276 (citing Picard, supra at 270-276, 92 S. Ct. 509).  In Kelly, supra, the Ninth Circuit held that

6  while petitioner had exhausted an ineffective assistance of counsel (IAC) claim arising from

7  counsel's failure to object to alleged instances of prosecutorial misconduct, he had not exhausted

8  a related IAC claim "premised on counsel's failure to file a motion to recuse the prosecutor based

9  on the same misconduct." Rose v. Palmateer, 395 F.3d at 1108.

> 10   [I]t was incumbent on petitioner to set forth the alleged failure to file a motion to recuse as an independent constitutional claim in
> 11   order to give the California Supreme Court a 'full and fair opportunity' to act upon it, rather than hope that the court would
> 12   infer this Sixth Amendment claim from the related failure to object.

13

14  Id., quoting Kelly v. Small, 315 F.3d at 1068 n.2.

15        Petitioner cites, inter alia, Vasquez v. Hillery, 474 U.S. 254, 260, 106 S. Ct. 617,

16  622 (1986) and Chacon v. Wood, 36 F.3d 1459, 1468 (9th Cir. 1994).  Opp., pp. 4-5.  In Vasquez,

17  the Supreme Court found that new factual allegations presented therein did not render a

18  previously exhausted claim unexhausted because the new facts did not "fundamentally alter the

19  legal claim already considered by the state courts."  In a Ninth Circuit case following closely on

20  Vasquez, a petitioner's insertion of new evidence (an expert's affidavit) that placed the claim "'in

21  a significantly different and stronger evidentiary posture than it was when the state courts

22  considered it,'" rendered the claim unexhausted.  Aiken v. Spalding, 841 F.2d 881 (9th Cir.

23  1988).  Without citing Aiken, both Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999) and

24  Chacon v. Wood, 36 F.3d 1459, 1468 (9th Cir. 1994), recognized as overruled on related grounds

25  in Johnson v. Xenon, 88 F.3d 828 (9th Cir. 1996), returned to the arguably more imprecise

26  language of "fundamentally alter a claim."

1    Notwithstanding the case law on which petitioner attempts to rely, the issue of

2  the preponderance of the evidence standard with respect to prior acts diminishing the burden of

3  proof for the charged offense has never been presented to the state supreme court.  And, of

4  course, one cannot meld an unexhausted claim into an exhausted one in order to avoid

5  exhaustion requirements.

6    Respondent's contention is well-taken that the claim with respect to the jury

7  instruction is distinct from the claim with respect to Cal. Evid. Code § 1109; the claim with

8  respect to the statute that was before the state supreme court concerned the constitutionality of

9  the admission of propensity evidence and the argument that such evidence lowered the standard

10 of proof for conviction on the charged offense.  The issue implicated by the newly added jury

11 instruction claim in the amended petition goes specifically to whether the reasonable doubt

12 standard of proof required for conviction on the charged offense was impermissibly diminished

13 to a preponderance of the evidence standard.

14    While in the instant case, petitioner challenged the constitutionality of Cal. Evid.

15 Code § 1109, raising the question of a federal due process violation with respect to the requisite

16 standard of proof for conviction of the charged offense when admission of propensity evidence is

17 permitted, the state supreme court did not have before it the jury instruction application of that

18 statute, and the specific conflating of proof beyond a reasonable doubt with the preponderance of

19 the evidence standard that is pressed here in the portion of Claim 1 at issue.  This court must find

20 the jury instruction challenge portion of Claim 1 unexhausted.

21    Petitioner asks that the amended petition be stayed and held in abeyance while he

22 seeks to have the portion of Claim 1 at issue exhausted, should the court find the claim

23 unexhausted.  Opp., p. 7.

24    Under Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 1535 (2005), the United

25 States Supreme Court determined that "stay and abeyance should be available only in limited

26 circumstances."  Before granting a stay of a mixed petition containing both exhausted and

1   unexhausted claims so that petitioner may exhaust in state court those claims not yet exhausted,

2   the court must determine whether there was good cause for a petitioner's failure to exhaust

3   before filing his federal petition and, moreover, whether any unexhausted claims are "plainly

4   meritless." Id.   "On the other hand, it likely would be an abuse of discretion to deny a stay ... if

5   the petitioner had good cause for his failure to exhaust...." Rhines v. Weber, 544 U.S. 269, 125

6   S. Ct. at 1535.  As to what is required to show good cause, the Ninth Circuit has held that

7   "application of an 'extraordinary circumstances' standard" is too "stringent" and "does not

8   comport with the "good cause" standard prescribed by Rhines." Jackson v. Roe, 425 F.3d 654,

9   661-662 (2005), citing NLRB v. Zeno Table Co.,610 F.2d 567, 569 (9th Cir. 1979).

10          On the question of merit, which respondent does not speak to, it is apparent that

11   this court could not deem petitioner's unexhausted claim "plainly meritless," resting as it does on

12   the holding of Gibson v. Ortiz, supra, 387 F.3d 812,[14] and, on the face of it, implicating a similar

13   jury instruction that the Ninth Circuit has found constitutionally infirm in a similar context.

14          As to good cause, respondent questions whether such a showing can be made

15   when petitioner had the benefit of counsel for the filing of the amended petition and it was filed

16   almost 23 months after his state court judgment became final.  MTD, p. 6.  (Perhaps a fairer, if

17   less dramatic, way to put it, would be to say it was filed nearly 11 months after the AEDPA

18   statute of limitations would have run for an initial filing in federal court) (see *timeliness*

19   discussion, below).

20          Respondent notes that present counsel for petitioner was substituted in on August

21   18, 2004.  MTD, p. 4.  It is apparent that by the time counsel was involved in the case, if an

22   amended petition had been filed on the same day, a practical impossibility, it would have been

23   some 15 months beyond the date of finality of petitioner's state court judgment and, if an initial

24   filing, more than three months beyond the AEDPA statute of limitations, absent any equitable

25

26          [14]See Amended Petition.

1  tolling.  The purpose of appointing counsel is wholly obviated if, in combing the record and

2  finding a factual predicate and/or legal basis for any claim beyond that identified by a prisoner

3  pro se, no showing of good cause can be made for finding such a claim.  Moreover, petitioner

4  had counsel during his direct appeal and it is evident (hence the finding of lack of exhaustion)

5  that appellate counsel was unable to adequately identify the claim at issue.  The court will not

6  hold petitioner pro se to a standard beyond that of his appellate counsel in finding good cause for

7  having failed to exhaust the jury instruction claim.  The court will recommend that this matter be

8  stayed pending exhaustion with the proviso that, pursuant to Rhines, petitioner both exhaust the

9  unexhausted portion of Claim 1with all deliberate speed and, thereafter, return to this court in

10  prompt fashion (see below).

11       *Timeliness*

12            Both parties agree that petitioner's May 10, 2005 original application in this court

13  was timely, with petitioner conceding that it was filed "[j]ust in the nick of time."  AP, p. 4;

14  MTD, p. 7.  Petitioner contends that the statute ran on May 13, 2004; respondent argues that the

15  limitation period expired on May 12, 2004.  Id.  Petitioner had 90 days following the state

16  supreme court's denial of direct review before the state court conviction became final, that is

17  upon the expiration of the period wherein petitioner would have had to file a petition for writ of

18  certiorari with the United States Supreme Court; the ruling became final on May 12, 2003.

19  Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999); Smith v.

20  Bowersox, 159 F.3d 345 (8th Cir. 1998).   The one-year statute of limitations under AEDPA

21  began to run the day following, on May 13, 2003.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th

22  Cir. 2001).  Therefore, under 28 U.S.C. § 2244(d), petitioner had until May 12, 2004 to file his

23  petition in federal court.  There can be no question that the original petition, filed two days prior,

24  was filed timely under AEDPA.

25            The remaining issue that respondent raises, noting that the filing of a federal

26  petition does not toll the statute of limitations under § 2244(d)(2), Duncan v. Walker, 533 U.S.

1   167, 121 S. Ct. 2120 (2001), is the question of whether the portion of Claim 1 at issue relates

2   back to the claims of the original petition, citing Fed. R. Civ. P. 15(c)(2) and Mayle v. Felix, __

3   U.S.__, 125 U.S. 2562 (2005).  MTD, p. 8.

4           Respondent concedes that the challenge to the jury instruction is, at least,

5   "tangentially related to ground two of the original petition," the challenge to the constitutionality

6   of Cal. Evid. Code § 1109, but argues, without citation to further authority for his position, that

7   the claims demonstrate a difference in time and type so that relation back of the jury instruction

8   claim should not be found.  Id.  Respondent strains somewhat to argue that the claims pertain to

9   separate phases of the trial, i.e., the challenge to the admissibility of the domestic violence acts

10  occurred during the evidentiary phase, while the jury instruction challenge came at the

11  conclusion of the evidentiary stage.  Id.  Petitioner does not address this argument.

12          In any event, the court, having found Claim 1 unexhausted, will not make an

13  anticipatory ruling, but will note that the analysis for relation back ("[s]o long as the original and

14  amended petitions state claims that are tied to a common core of operative facts, relation back

15  will be in order")[15] is not the same as that applicable to the exhaustion question.

16          Accordingly, IT IS HEREBY RECOMMENDED that:

17          1. Respondent's August 23, 2005 motion to dismiss that portion of Claim1which

18  implicates the constitutionality of California criminal jury instruction (CALJIC) 2.50.02 be

19  granted on the ground that it is unexhausted;

20          2. Respondent's motion be denied as to any other ground;

21          3. This action be stayed, pending exhaustion of state court remedies as to the

22  unexhausted claim; that petitioner be directed to file a state court petition within thirty (30) days

23  of the adoption of these findings and recommendations, should that occur, and that, thereafter,

24  \\\\\

25

26          [15] Mayle v. Felix, supra, at 2574.

13

1   petitioner be directed to file a notice of completed exhaustion within 30 days after ruling by the

2   state supreme court.

3          These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten (10)

5   days after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8   shall be served and filed within ten days after service of the objections.  The parties are advised

9   that failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: 2/15/06

12                                             /s/ Gregory G. Hollows

13                                    _____
                                        UNITED STATES MAGISTRATE JUDGE

14  GGH:009
    hols0924.mtd

15

16

17

18

19

20

21

22

23

24

25

26