IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN CAROLE HOLSOME,

      Petitioner,              No. CIV S-04-0924 LKK GGH P

     vs.

DAVE RUNNELS, Warden, et al.,

      Respondents.          <u>ORDER</u>

_____/

       By Order, filed on 6/20/08, petitioner's counsel was directed, within thirty days, to inform the court whether state court exhaustion had been completed and whether the stay in this matter should be lifted, this matter having been administratively closed since the Order, filed 3/28/06.  In th 3/28/06 Order, this case was stayed pending exhaustion of state court remedies, specifically, as to that portion of Claim 1 which implicates the constitutionality of California criminal jury instruction (CALJIC) 2.50.02; petitioner, through his appointed counsel, was directed to file a state court petition, within thirty days and, following exhaustion, to file a notice of completed exhaustion within thirty days of the ruling by the state supreme court.

       As further noted in the 6/20/08 Order, petitioner's counsel sought and obtained an extension of time, until 5/12/06, to file an exhaustion petition, which was granted by Order, filed on 5/08/06.  The court also observed that there had been no further communication with the court

in this case, until two years later, on 6/04/08, when petitioner pro se filed his request seeking to expedite adjudication of his petition.  While informing petitioner that it was inappropriate for him, while represented by counsel, to communicate to the court other than through his attorney, the court nevertheless, given the passage of time with no further communication from counsel, directed a response from petitioner's counsel, as noted above.

In response, counsel for petitioner has now informed the court, in extremely laconic fashion, that no exhaustion petition was ever filed in state court and that lifting of the stay appears appropriate.  Petitioner's counsel offers no explanation for the failure to file a state court petition.  The undersigned will consider whether sanctions should be imposed upon counsel for petitioner.

Accordingly, IT IS ORDERED that:

1.  The stay in this matter is now lifted;

2.  The portion of claim 1 which implicates the constitutionality of CALJIC 2.50.02, previously dismissed as unexhausted, is hereby stricken from the 4/07/05, first amended petition;

3.  Respondent is directed to file an answer to the amended petition, as herein modified (with reference to the 3/28/06, Order), within thirty days; petitioner will thereafter have thirty days to file a reply/traverse, after which this matter will be deemed submitted.

DATED: 07/29/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
hols0924.ord2